# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: June 22, 2021

```
* * * * * * * * * * * * * * * * * * * * * * * * *
TRISTEN HORTON,                        *       No. 19-262V
                                       *
                Petitioner,            *       Special Master Sanders
                                       *
v.                                     *
                                       *
 SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                    *
                                       *
                Respondent.            *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

<u>Andrew D. Downing</u>, Van Cott & Talamante, PLLC, Phoeniz, AZ, for Petitioner
<u>Lynn C. Schlie</u>, United States Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On June 11, 2020, Tristen Horton ("Petitioner") filed a motion for interim attorneys' fees and costs, requesting **$60,452.56** for his former counsel, Ms. Anne Toale.  Mot. Int. Att'ys' Fees & Costs, ECF No. 52 [hereinafter Fees App.].  On July 8, 2020, Respondent filed his response to Petitioner's motion.  Resp't's Resp., ECF No. 33.  In his response, Respondent stated that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2.  For the reasons stated below, I will award interim attorneys' fees and costs for Petitioner's counsel at this time.

### I. Procedural History

On February 15, 2019, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program ("Program").[2]  42 U.S.C. §§ 300aa-1 to -34 (2012); Pet., ECF No. 1.  Petitioner alleges that he suffers from aplastic anemia as the result of a human

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet**.  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

papillomavirus ("HPV") vaccine administered on September 20, 2017. Pet. at 1. Over the following year, petitioner filed different exhibits into the record, comprised of medical records and an affidavit from petitioner.

On February 13, 2020, Respondent filed his Rule 4(c) Report, indicating that it was his opinion that the case was not appropriate for compensation. Thereafter, Petitioner filed additional medical records. The undersigned ordered petitioner to file an expert report on April 10, 2020. After two motions for extension of time to file an expert report, Petitioner filed the instant motion for interim attorneys' fees and costs. On June 23, 2020, Petitioner filed a motion to substitute his former counsel, Ms. Anne Toale, for his current counsel, Mr. Andrew Downing.

## II.     Availability of Interim Attorneys' Fees and Costs

### A.  Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith, and there was a reasonable basis for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1) (2012). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and I find that the statutory criteria for an award of fees and costs is met.

### B.  Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). The court noted that such awards "are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim[.]" *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Many cases in the Program are proceeding slower than they have in the past. *See Miles v. Sec'y of Health & Human Servs.*, No. 12-254V, 2017 WL 4875816 at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) ("[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of Health & Human Servs.*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year."). As Petitioners' case was filed on February 15, 2019, it has been pending for more than two years. *See* Pet. At the current pace, an entitlement hearing and the subsequent decision may not occur for a year or longer.

Meanwhile, Petitioner's fees and costs have accumulated in the course of prosecuting this case. Petitioners have submitted four expert reports and numerous exhibits in support of their petition. *See generally* Pet'r's Exs. 1–72. Petitioner's counsel has requested $60,452.56 in fees and costs, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of Health & Human Servs.*, No. 08-241V, 2009 WL

775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); Pet'r's Mot. for IAFC at 11–12.  Because of the protracted nature of the proceedings, the fact that the ultimate resolution of this case may not occur for a significant period, and the accumulation of fees and costs, I find an award of interim attorneys' fees and costs reasonable and appropriate in this case.

### III.     Reasonable Attorneys' Fees

Only reasonable attorneys' fees may be awarded, and it is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs*., 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  In making a determination, applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work.  *See Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316–18 (2008).

The Federal Circuit has approved the lodestar formula to determine reasonable attorneys' fees under the Vaccine Act. *Avera*, 515 F.3d at 1348.  This is a two-step approach.  *Id*.  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.

#### A.  Reasonable Rates

Forum rates are used in the lodestar formula, except when the rates in an attorneys' local area are significantly lower than forum rates. *Id.* at 1348–49.  In a 2015 decision, Special Master Gowen determined the reasonable forum rate ranges for attorneys with varying years of experience.  *See McCulloch v. Sec'y of Health & Human Servs*., No. 09-293V, 2015 WL 5634323, at *18-19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  When considering whether a requested rate is reasonable, special masters may consider an attorney's overall legal experience and his experience in the Vaccine Program, as well as the quality of the work performed.  *Id*. at *17.  The *McCulloch* rates have been updated for subsequent years and are accessible on the court's website at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

##### i. Reasonable Hourly Rates

Petitioner requests that his former counsel, Ms. Anne Toale, be compensated at the following hourly rates: $402.00 per hour for work performed in 2018, $420.00 per hour for work performed in 2019, and $445.00 per hour for work performed in 2020. These rates are consistent with what Ms. Toale has previously been awarded for her Vaccine Program work and the undersigned finds them to be reasonable for work performed in the instant case.

##### ii. Hours Expended

The second step in *Avera* is for the Court to make an upward or downward modification based upon specific findings. *Avera*, 515 F.3d at 1348. Upon review, the undersigned finds that the billed hours are largely reasonable. However, a small reduction is necessary due to duplicative review of filings by Ms. Toale and firm paralegals. While it is not necessarily unreasonable for multiple individuals to review filings to keep updated with the case, the cumulative effect is that an unreasonable amount of time overall is being billed for review of routine filings by Respondent and the Court (as one example, 0.3 hours overall was billed between Ms. Toale and a paralegal for review of the notice of appearance for Respondent's counsel). Upon review, a reasonable reduction for this issue is $500.00. Accordingly, Petitioner is awarded interim attorneys' fees in the amount of $44,106.80.

### B. Costs

Similar to attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioner has requested $15,845.76 in interim costs. Fees App. Ex. 2 at 1. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and expert work performed by Dr. M. Eric Gershwin. Petitioner has provided adequate documentation of the requested costs and all appear reasonable in the undersigned's experience. Accordingly, the full amount of costs requested shall be awarded.

## IV. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Interim Attorneys' Fees Requested | $44,606.80 |
| (Reduction to Fees) | -$500.00 |
| **Interim Attorneys' Fees Awarded** | **$44,106.80** |
| | |
| Interim Costs Requested | $15,845.76 |
| (Reduction to Costs) | - |
| **Interim Costs Awarded** | **$15,845.76** |
| | |
| **Total Amount Awarded** | **$59,952.56** |

**Accordingly, the undersigned awards a lump sum in the amount of $59,952.56, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Petitioner's former counsel, Ms. Anne Toale, to be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.**

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court SHALL ENTER JUDGMENT in accordance with the terms of the above decision.[3]

**IT IS SO ORDERED.**

<u>s/Herbrina D. Sanders</u>
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.