# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: October 27, 2021

```
* * * * * * * * * * * * * * * * * * * * * * * *
TRISTEN HORTON,                  *    No. 19-262V
                                 *
             Petitioner,         *    Special Master Sanders
v.                               *
                                 *
SECRETARY OF HEALTH              *    Dismissal; Human Papillomavirus
AND HUMAN SERVICES,              *    ("HPV") Vaccine; Aplastic Anemia
                                 *
             Respondent.         *
                                 *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
*Lynn C. Schlie*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On February 15, 2019, Tristen Horton ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). Petitioner alleged that he suffered from aplastic anemia due to a human papillomavirus ("HPV") vaccine administered on September 20, 2017. Pet. ¶¶ 1, 15, ECF No. 1. Respondent filed his Rule 4(c) report on February 13, 2020, recommending against compensation, and the parties proceeded to file expert reports. *See* ECF Nos. 25, 34, 37, 42–44, 46, 54–55.

On September 9, 2021, Petitioner filed a motion for a decision dismissing his petition. ECF No. 57. Petitioner stated that "he would like to opt out of the Vaccine Program" because "[h]e wishes to pursue a third party action in district court against Merck directly." *Id.* at 2. Petitioner continued that "[t]his choice should not be viewed in any way that Petitioner does not believe in the merits of his claim or that [his] injuries are not a result of [the HPV vaccine]." *Id.* He stated

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

that he "needs a judgment from the Vaccine Program so that he may reject said judgment and submit his election to opt out." *Id.* He continued that "given the course of [HPV vaccine] cases like Petitioner's in the Vaccine Program, [he] also does not anticipate prevailing on the merits in the Program on this case." *Id.* Petitioner noted that he contacted Respondent regarding this motion and that Respondent did not take a position. *Id.*

To receive compensation under the Program, Petitioner must prove either (1) that he suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that he suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." At this time, the information in the record, however, does not show entitlement to an award by a preponderance of the evidence based on causation in fact. Further, a closer review of the record is not warranted in light of Petitioner's motion for a decision dismissing his petition. Therefore, this case must be **dismissed. The Clerk shall enter judgment accordingly**.³

**IT IS SO ORDERED.**

s/Herbrina D. Sanders  
Herbrina D. Sanders  
Special Master

---

³ Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.